UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUKE RICCI, TRACI RICCI, TERRI SECK, and TERRI BAUMGARTNER, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, and DOE CORPORATION,<br><br>                   Defendants. | Civil No. 05-1214 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

---

David M. Cialkowski and J. Gordon Rudd, Jr., **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402; Caryn Becker and Kelly M. Dermody, **LEIFF CABRASER HEIMANN & BERNSTEIN LLP**, 275 Battery Street, 30th Floor, San Francisco, CA 94111; Laurence G. Tien, **THE TIEN LAW GROUP, PLLC**, 10235 West Little York, Suite 470, Houston, TX 77040, for plaintiffs.

Bryan C. Keane, Charles C. Moore, James K. Langdon, Seth J. S. Leventhal, and Thomas P. Swigert, **DORSEY & WHITNEY LLP**, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402, for defendant Ameriquest Mortgage Company.

This action was originally filed in the state district court of Hennepin County, Minnesota, and was removed to this Court on June 20, 2005, pursuant to 28 U.S.C. § 1441. Plaintiffs move to remand the case to state court. For the following reasons, the Court grants plaintiffs' motion to remand.

## BACKGROUND

Plaintiffs filed this lawsuit in state court against defendant Ameriquest Mortgage Company ("Ameriquest"), alleging that Ameriquest engaged in a variety of unethical and illegal practices related to Ameriquest's mortgage loan origination and refinancing, and bringing claims under the Minnesota Consumer Fraud Act and Deceptive Trade Practices Act, as well as common law fraud. Plaintiffs' complaint did not set forth any claim for relief under federal law.

Ameriquest responded by filing a motion to dismiss plaintiffs' claims. In Ameriquest's memorandum in support of its motion to dismiss in state court, Ameriquest raised the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, as a defense to plaintiffs' claims under state law. Ameriquest added, "Tellingly, Plaintiffs have not alleged that Ameriquest in any way violated RESPA." *Id.*

In their memorandum in opposition to Ameriquest's motion to dismiss, plaintiffs responded to Ameriquest's RESPA defense, arguing that the complaint, although it did not formally assert a claim under RESPA, it did allege conduct by Ameriquest that would violate RESPA. Plaintiffs further argued that compliance with RESPA was not a defense to plaintiffs' state law claims.

Ameriquest then removed the action to federal court, arguing that the plaintiffs had thereby asserted a claim under RESPA. Plaintiffs now seek to remand the case to state court, arguing that they did not assert a claim under RESPA and there is no federal subject matter jurisdiction.

## ANALYSIS

**I.     STANDARD OF REVIEW**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must construe the removal statute narrowly and "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Ameriquest removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), asserting that the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.[1] Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, when determining whether a claim filed in state court raises a federal question, the Court looks to the contents of the plaintiff's complaint or other papers, and not to any arguments raised by the defendants. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1446(b). Thus, a case filed in state court can only be removed to federal court if the plaintiff could have filed the case in federal court. *Caterpillar*, 482 U.S. at 392.

The well-pleaded complaint rule acknowledges that the plaintiff is "master of his claim," and that a plaintiff can legitimately avoid federal jurisdiction by foregoing federal claims and remedies and basing his arguments solely on state law. *Id.* at 398-99. On the

---

[1] 28 U.S.C. § 1446(b) provides: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

other hand, "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 612 (8th Cir. 1991). Thus, the Court must examine whether a plaintiff has cast essentially federal law claims as state law claims simply to avoid federal jurisdiction. *See Stephens v. Cowles Media Co.*, 995 F. Supp. 974, 977-78 (D. Minn. 1998). After removal, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.   AMERIQUEST'S PETITION FOR REMOVAL

There is no dispute that plaintiffs' complaint does not set forth a claim under RESPA or any other federal law. The sole basis for federal jurisdiction in this case is Ameriquest's contention that plaintiffs asserted a cause of action under RESPA in their memorandum in opposition to Ameriquest's motion to dismiss.

A plain reading of plaintiffs' memorandum in opposition makes clear that plaintiffs were simply responding to Ameriquest's RESPA defense, and were not asserting a claim under that statute. In addition, plaintiffs have expressly stated that they never intended to assert a cause of action under RESPA.

The two cases principally relied upon by Ameriquest, *Parents United for Better Schools, Inc. v. School District of Philadelphia*, 1996 WL 442887 (E.D. Pa. Jul. 31, 1996) and *Jackson v. Brooke*, 626 F. Supp. 1215, 1217 (D. Colo. 1986), are distinguishable. In both *Parents United* and *Jackson*, the plaintiffs clearly relied upon claims under federal law in opposing motions for summary judgment. *Parents United*,

1996 WL 442887, *2 (plaintiffs relied on the Fourteenth Amendment to defeat summary judgment); *Jackson*, 626 F. Supp. at 1217 (plaintiff asserted a claim for relief under 42 U.S.C. § 1983).

In this case, by contrast, Ameriquest raised the federal law as a defense, to which plaintiffs simply responded. The RESPA arguments raised by Ameriquest are not part of plaintiffs' "well-pleaded complaint," and therefore do not constitute a basis for federal jurisdiction over plaintiffs' claims. *See Caterpillar*, 482 U.S. at 399. Moreover, there is no indication that plaintiffs have "artfully pleaded" their consumer protection and fraud claims so as to avoid federal jurisdiction. It would be a strained reading of plaintiffs' memorandum in opposition to the motion to dismiss to conclude that plaintiffs had asserted a claim under RESPA.

Since this action raises no issues "arising under the Constitution, laws, or treaties of the United States," this Court lacks subject matter jurisdiction over the case and removal under 28 U.S.C. § 1441 is not permitted. Therefore, plaintiffs' Motion to Remand is granted.

### III.   RECOVERY OF EXPENSES UNDER 28 U.S.C. § 1447(c)

An award of fees under § 1447(c) is left to the district court's discretion. *Martin v. Franklin Capital Corp.*, --- S. Ct. ----, 2005 WL 3299410, at *6 (Dec. 7, 2005); *see also Workforce Dev., Inc. v. Corp. Benefit Servs. of Am., Inc.*, 316 F. Supp. 2d 854, 859 (D. Minn. 2004). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, -- S. Ct. ----, 2005 WL 3299410, at *6. Here, Ameriquest

offered case law authority in support of its position.  Although the Court determined that the case law cited by Ameriquest was distinguishable from the instant case and grants plaintiffs' motion for remand, the Court holds that Ameriquest did not lack an objectively reasonably basis for seeking removal.  Therefore, the Court declines to award fees and costs to plaintiffs.

## CONCLUSION

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Remand and for Attorneys' Fees and Costs [Docket No. 11] is **GRANTED in part** and **DENIED in part.**  The motion is **granted** with respect to the remand and **denied** with respect to award of attorneys' fees and costs.

2. Ameriquest's Motion to Dismiss or Strike [Docket No. 5] is **DENIED as moot**.

3. This matter is **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, Hennepin County.


DATED:   January 31, 2006                  s/ John R. Tunheim
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                                United States District Judge